

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# USA v. Moolenaar

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Moolenaar" (2007). *2007 Decisions.* Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1342

UNITED STATES OF AMERICA;
GOVERNMENT OF THE VIRGIN ISLANDS,

Appellants

v.

LUCIEN A. MOOLENAAR, II

_____

On Appeal from the District Court of the Virgin Islands
District Court No. 03-CR-145
District Judge: The Honorable Raymond L. Finch

_____

ARGUED: December 11, 2007

Before: SMITH, NYGAARD, and ROTH, *Circuit Judges*

(Filed: December 20, 2007 )

Armando O. Bonilla (Argued)
Nicholas A. Marsh
United States Department of
Justice Criminal Division
1301 New York Avenue, N.W.
Washington, DC 20005
*Counsel for Appellants*

Arturo R. Watlington, Jr.(Argued)
#3B Store Gronne Gade, P.O. Box 261
Charlotte Amalie, St. Thomas USVI, 00804
*Counsel for Appellee*

PER CURIAM.

This appeal concerns the reasonableness of the District Court's below-guidelines sentencing of Lucien A. Moolenaar, II ("Moolenaar"). After a three-day jury trial, Moolenaar was convicted of: (1) conversion of government funds in violation of 18 U.S.C. § 666(a)(1)(A); (2) grand larceny in violation of 14 V.I.C. §§ 1081 and 1083; and (3) making a false statement in violation of 14 V.I.C. § 843(3). The District Court set Moolenaar's Total Offense Level at 14 and his Criminal History Category at I, resulting in a sentencing guideline range for Count I of 15 to 21 months incarceration. The court then sentenced Moolenaar to five years of supervised probation as to Count I and imposed a fine of $30,883.09; an amount equal to the interest that would have accrued on a loan of the amount of government money Moolenaar converted. For the reasons set forth below, we will vacate the judgment and remand for resentencing.

I.

Moolenaar is a former high-ranking official in the Virgin Islands Department of Health. In January 1995, he submitted two stale government payroll checks to the Department of Finance for re-issuance. In June 1995, the Department of Finance processed that request and added the net sum of $1,626.25 to Moolenaar's biweekly

payroll check. Due to an error, the government thereafter continued to add this amount to his pay check through September 2000. In total, Moolenaar received $102,497.85 in erroneous payments, an amount that more than doubled his net income every other pay period for more than five years.

Following a three-day trial, a jury convicted Moolenaar of all charges. On December 14, 2005, the District Court – over the government's objections – sentenced him to five years of supervised probation and imposed a fine of $30,883.09 as to Count I. Additionally, the court sentenced Moolenaar to concurrent general terms of two years probation as to Counts II and III.

At the sentencing hearing, the District Court noted that:

> I have studied the Probation report, and of course I've heard arguments from both sides, and I am of the opinion that this is one of those cases where, because of the circumstances that I've heard, would not . . . justify confinement. And I am, therefore, not sentencing [the defendant] to a term of confinement.

On December 22, 2005, the court filed a Statement of Reasons, which stipulated that "[t]he Court departed from the advisory sentencing guideline range pursuant to Title 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant." On January 20, 2006, the United States and the Government of the Virgin Islands filed a timely notice of appeal.[1]

---

[1] The District Court of the Virgin Islands had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612. This Court has jurisdiction under 18 U.S.C. § 3742(b).

In *United States v. Booker*, the Supreme Court held that mandatory application of the Federal Sentencing Guidelines was unconstitutional. 543 U.S. 220 (2005). Under the resulting advisory-guidelines regime, District Courts enjoy significant latitude in imposing criminal sentences. *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2465 (2007); *Gall v. United States*, — U.S. — , No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007) . Post-*Booker,* appellate review is limited to reviewing the trial court's sentence for "reasonableness." *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

Practically speaking, the reasonableness standard of appellate review is akin to abuse of discretion. *Gall,* 2007 WL 4292116, at *7 ("Our explanation of 'reasonableness' review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). In conducting a reasonableness review, we must ensure that the sentencing court gave "meaningful consideration" to the sentencing factors articulated in 18 U.S.C. § 3553(a)[2] and "reasonably applied them to the circumstances of the case." *Cooper*, 437

---

[2]The factors a sentencing court must take into account include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

F.3d at 300.  As a threshold matter, it is therefore vital that the District Court "state

adequate reasons for a sentence on the record so that this court can engage in meaningful

appellate review." *United States v. King*, 454 F.3d 187, 196-97 (3d Cir. 2006).  The party

challenging the sentence has the burden of demonstrating unreasonableness.  *Cooper*, 437

F.3d at 332.

---

>     offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of the defendant;
>     and
>
>     (D) to provide the defendant with needed educational or
>     vocational training, medical care, or other correctional
>     treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>     (A) the applicable category of offense committed by the
>     applicable category of defendant as set forth in the guidelines
>     . . . ;
>
> (5) any pertinent policy statement  . . .  issued by the Sentencing
> Commission  . . .  that  . . .  is in effect on the date the defendant is
> sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants
> with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the government says that the sentence the District Court imposed is both procedurally and substantively unreasonable because (1) "the sentencing judge failed to give any meaningful consideration to the relevant sentencing factors codified in 18 U.S.C. § 3553(a). . . " and (2) "when reasonably applied to the facts of this case, the relevant sentencing factors demand the imposition of a prison sentence . . . ." Moolenaar, in contrast, argues that the District Court provided sufficient justification for his below-guidelines sentence to withstand deferential post-*Booker* scrutiny. We agree that the sentence cannot stand because the sentencing court failed to articulate the rationale for its below-guidelines sentence.

To determine whether a sentencing court acted reasonably, we examine the court's application of the § 3553(a) factors to determine whether it reasonably applied them to the circumstances of the case. "In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Cooper*, 437 F.3d at 330. Meaningful appellate review, however, is impossible where the sentencing court fails to articulate the rationale for its sentence. *Gall,* 2007 WL 4292116, at *12 ("After settling on the appropriate sentence, he [the sentencing Judge] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."); *King*, 454 F.3d at 196-97. Here, the record thoroughly fails to elucidate the basis for the sentence the District Court imposed.

6

At the sentencing hearing, the District Court did little more than note that it had "studied" the Pre-Sentence Report and "heard" the arguments of both sides before pronouncing that "the circumstances" of the case did not justify confinement. The December 22, 2005 Statement of Reasons provided no additional insight into the court's thinking, stating only that the departure from the guidelines was based upon "Title 18 U.S.C. § 3553(a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant." At no point did the sentencing court discuss how this factor militates in favor of the sentence it ultimately imposed. Moreover, the record is completely silent regarding if or how the District Court weighed the remaining six § 3553(a) factors.

Where, as here, the District Court fails to provide a reasoned basis for a criminal sentence, we cannot engage in meaningful appellate review. Quite simply, deferring to reasoning that the District Court declines to provide is impossible. Accordingly, we cannot sustain the sentence the District Court imposed in this case.

Additionally, certain conduct of the District Judge exhibited at the sentencing hearing troubles us. At that time, then-Chief Judge Finch stated that the Presentence Report recommended a sentence of probation. The recommendation stated no such thing. When the government properly objected to that statement, Judge Finch responded by stating: "I don't have to sentence, according to what Mr. Smith tells me to do. Gone home. Goodbye." He then threw the Presentence Report across the bench and left the

courtroom. When considered in conjunction with the District Judge's failure to provide any basis for his sentence, this episode of intemperance leaves us with more than a passing concern as to the appearance of his impartiality.

"Although '[i]t is the standard practice in the district courts and in this circuit that a case on remand is assigned to the judge who originally heard it,' we can, in the exercise of our supervisory power, reassign this case to a different judge upon remand." *Government of the Virgin Islands v. Walker*, 261 F.3d 370, 376 (3d Cir. 2001) (internal citation omitted). We have not articulated a specific test to determine when reassignment of a case to a different judge for resentencing is appropriate. *Id*. However, such action is called for when it is necessary to "preserve not only the reality but also the appearance of the proper functioning of the judiciary as a neutral, impartial administrator of justice." *Alexander v. Primerica Holdings*, 10 F.3d 155, 165 (3d Cir.1993). This is such a case. Accordingly, we will vacate the judgment and remand with the instruction that the Clerks office reassign this case for resentencing.